**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-2180**

PAUL GOLDMAN,

       Plaintiff – Appellee,

    v.

ROBERT BRINK, Chairman of the State Board of Elections, in his official capacity; JOHN O'BANNON, Vice Chair of the State Board of Elections, in his official capacity; JAMILAH D. LECRUISE, Secretary of the State Board of Elections, in her official capacity; CHRISTOPHER PIPER, Commissioner of the State Board of Elections, in his official capacity,

       Defendants – Appellants,

    and

VIRGINIA STATE BOARD OF ELECTIONS; GLENN YOUNGKIN, Governor of Virginia, in his official capacity,

       Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David J. Novak, District Judge. (3:21-cv-00420-DJN-RAJ-SDT)

Argued: March 8, 2022                    Decided: March 15, 2022

Before KING, WYNN, and RUSHING, Circuit Judges.

Remanded by unpublished order. Judge King directed entry of the order, with the concurrences of Judge Wynn and Judge Rushing.

**ARGUED:** Andrew Nathan Ferguson, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellants. Paul Goldman, Richmond, Virginia, Appellee Pro Se. **ON BRIEF:** Mark R. Herring, Attorney General, Erin B. Ashwell, Chief Deputy Attorney General, Donald D. Anderson, Deputy Attorney General, Michelle S. Kallen, Solicitor General, A. Anne Lloyd, Deputy Solicitor General, Brittany M. Jones, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellants.

ORDER OF REMAND

KING, Circuit Judge:

Pro se plaintiff Paul Goldman seeks to pursue this civil action in the Eastern District of Virginia against several Commonwealth of Virginia defendants, alleging that Virginia's 2021 House of Delegates election contravened the federal and state constitutions. The district court dismissed all of Goldman's claims against the Governor of Virginia and the State Board of Elections on grounds of Eleventh Amendment sovereign immunity. *See Goldman v. Brink*, No. 3:21-cv-00420 (E.D. Va. Oct. 12, 2021), ECF No. 40. The court declined, however, to similarly dismiss Goldman's federal claim against four of the Board's members. Those Board members thereupon noticed this appeal from the immunity denial.

Upon careful consideration of the submissions of the parties and the oral argument conducted on March 8, 2022, we are satisfied to remand this case to the district court for it to determine — in the first instance — whether Goldman possesses Article III standing to sue. *See* 28 U.S.C. § 2106. It is apparent that a determination of the standing to sue issue "cannot be achieved simply by reviewing the plaintiffs' pleadings and the limited record on appeal." *See Al Shimari v. CACI Premier Tech., Inc.*, 758 F.3d 516, 536 (4th Cir. 2014) (remanding for factfinding related to whether case presented a nonjusticiable political question). Moreover, the resolution of the standing to sue issue will likely "require factual development of the record . . . and possibly additional jurisdictional discovery." *Id.*

3

Accordingly, we remand for the district court to assess and resolve whether Goldman possesses Article III standing to sue. We will, however, retain jurisdiction in this appeal, which will be stayed pending resolution of the remand proceedings.

FOR THE COURT

/s/Patricia S. Connor
Clerk